IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| STONE BASKET INNOVATIONS LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 2:15-cv-464-JRG-RSP |
| COOK MEDICAL LLC, | § § | |
| Defendant. | § § § | |

## MEMORANDUM ORDER

The Court, on March 18, 2016, held a hearing to address Defendant Cook Medical LLC's Motion to Transfer Venue. (Dkt. No. 10.) Cook asserts this case should be transferred to the Southern District of Indiana. Plaintiff Stone Basket Innovation LLC opposes transfer. The Court having considered the facts and arguments finds that transfer is warranted.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first step in a Court's transfer analysis is deciding "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").

If that threshold is met, the Court then analyzes public and private factors relating to the convenience of parties and witnesses and the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2009). The private factors are: 1) the relative ease of access to sources of

proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Volkswagen I*, 371 F.3d at 203; *Nintendo*, 589 F.3d at 1198; *TS Tech*, 551 F.3d at 1319. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Volkswagen I*, 371 F.3d at 203; *Nintendo*, 589 F.3d at 1198; *TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314–15 (5th Cir. 2008) ("*Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *Volkswagen II*, 545 F.3d at 315; *Nintendo*, 589 F.3d at 1200; *TS Tech*, 551 F.3d at 1319. Although the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *Volkswagen II*, 545 F.3d at 314–15.

Timely motions to transfer venue should be "should [be given] a top priority in the handling of [a case]" and "are to be decided based on 'the situation which existed when suit was instituted.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *In re EMC Corp.*, Doc. No. 2013-M142, 2013 WL 324154 (Fed. Cir. Jan. 29, 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 443 (1960)).

Cook presented evidence at the hearing that party witnesses who have knowledge of the accused device are in the Southern District of Indiana. Cook also presented evidence that it had documents at its headquarters in Bloomington, Indiana. Stone Basket presented evidence that the

inventor lived in Gilbert, Arizona, which is closer to this District. Cook responded by providing evidence that a material third-party witness was located in Indiana. The Court finds that: first, "[t]he convenience of the witnesses is probably the single most important factor in a transfer analysis," *Genentech*, 566 F.3d at 1342, and second, the Southern District of Indiana has the power to compel a third-party to appear at trial, Fed. R. Civ. P. 45.  Cook also showed that the inventor resided in Indiana when the invention was conceived and the patent application was filed.  The prosecuting attorneys reside in Chicago, very near Indiana.  The inventor met with representatives of Cook in Indiana during the prosecution of the patent, and those meetings are urged as a basis for some of Plaintiff's claims.

A motion to transfer venue should be granted when the moving party shows one venue is "clearly more convenient" than another. *Nintendo*, 589 F.3d at 1197; *Genentech*, 566 F.3d at 1342. The Court has weighed the facts. The Court finds that the Southern District of Indiana is "clearly more convenient." Cook's Motion to Transfer Venue (Dkt. No. 10) **GRANTED**. The clerk is directed to transfer this case to the Southern District of Indiana.

**SIGNED this 26th day of March, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE